UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL D. HAWK,

    Plaintiff,

v.                                Case No. 05-C-1335

ONEIDA TRIBE OF INDIANS OF WISCONSIN,
CENTRAL ACCOUNTING DEPARTMENT

    Defendant.

**ORDER**

Plaintiff David Hawk has filed an action against the Oneida Tribe seeking reimbursement of some $800 of per capita payments he alleges was improperly stopped by the tribe without due process. I begin by noting that it is unclear upon what legal basis Hawk's claim is brought in federal court, but at this early stage of the proceedings I will not dismiss the complaint before it is served. Before me presently are Hawk's motion for leave to proceed *in forma pauperis* as well as his motion for appointment of counsel. Ordinarily, a plaintiff must pay a statutory filing fee to bring suit in federal court. 28 U.S.C. § 1914. The federal *in forma pauperis* statute, 28 U.S.C. § 1915, however, insures indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915 authorizes an indigent party to commence a federal court action, without costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a).

Plaintiff has filed the required affidavit of indigence. Review of that affidavit reveals that Plaintiff is indigent for § 1915 purposes. He receives $108 per month for disability payments and

his expenses appear to greatly exceed that amount. Based on Plaintiff's affidavit of indigence, the Court is satisfied that he meets the poverty requirements of 28 U.S.C. § 1915.

Plaintiff has also requested that counsel be appointed to represent him in this matter. This request will be denied. Indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *McKeever v. Israel*, 689 F.2d 1315 (7th Cir. 1982). Although the court has the power to request an attorney to represent an indigent litigant, 28 U.S.C. § 1915(e)(1), the decision is a discretionary one. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). In determining whether to appoint counsel in a civil case, a threshold matter is whether the litigant has attempted to retain counsel herself. *Id.* at 1072-73. Once the plaintiff has established that his reasonable efforts to obtain counsel were unsuccessful I may consider a nonexhaustive list of five factors:

> (1) the merits of the indigent's claim for relief; (2) the ability of the indigent plaintiff to investigate crucial facts unaided by counsel; (3) whether the nature of the evidence indicates that the truth will more likely be exposed where both sides are represented by counsel; (4) the capability of the indigent to present the case; and (5) the complexity of the legal issues raised by the complaint.

*Id*. at 1072.

Plaintiff does not indicate that he contacted any attorneys and was unsuccessful in obtaining representation. Moreover, it is doubtful that the attention of an attorney would be warranted in a case involving such a relatively small sum of money. Moreover, from the bare allegations of the complaint, I am unconvinced that the case has sufficient merit to appoint counsel. In addition, Plaintiff is not incarcerated or otherwise incapacitated, and I see no reason why he would not be able to represent himself at this time. There is no showing that the claim is legally or factually complex such that attorney representation would be essential to insure a just result. While facts may surface in the future that suggest otherwise, I conclude for now that Plaintiff will be able to adequately

2

represent himself. Accordingly, his request for appointment of counsel will be denied without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's request for the appointment of counsel is **DENIED.**

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Civ. P. 4(c)(2), the U.S. Marshals Service shall serve a copy of the complaint, a waiver of service form and/or the summons, and this order upon the defendants. Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting to make such service. 28 U.S.C. § 1921(b). The current fee for waiver-of-service packages is $8.00 per item. The full fee schedule is provided in 28 C.F.R. §§ 0.114(a)(2), (a)(3). Even though Congress requires the court to order service by the U.S. Marshals Service when an impoverished person is permitted to proceed *in forma pauperis*, Congress has not provided for these fees to be waived, either by the court or the U.S. Marshals Service.

Plaintiff is hereby notified that, from now on, he is required, under Fed. R. Civ. P. 5(a), to send a copy of every paper or document filed with the court to the opposing party or its attorney(s). Plaintiff should also retain a personal copy of each document. If Plaintiff does not have access to a photocopy machine, Plaintiff may send out identical handwritten or typed copies of any documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to the Defendant or to its attorney(s).

In addition, the parties must notify the clerk of court's office of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

3

Nothing in this order or in 28 U.S.C. § 1915 precludes the Defendant from moving to dismiss any claim identified in this order as potentially existing in the complaint if the Defendant believes the complaint fails to state a claim upon which relief can be granted or is otherwise defective.

Dated this   5th   day of January, 2006.

                                                  s/ William C. Griesbach
                                                 William C. Griesbach
                                               United States District Judge