UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL HAWK,

        Plaintiff,

v.                                                     Case No. 05-C-1335

ONEIDA TRIBE OF INDIANS
CENTRAL ACCOUNTING DEPT.,

        Defendant.

## ORDER

Plaintiff has filed a complaint against the Oneida Tribe's Central Accounting Department, alleging that it has unlawfully garnished his per capita payments. I allowed the plaintiff to proceed without payment of the filing fee. The Tribe has now filed a motion to dismiss, claiming that Hawk's complaint fails to state a claim and further that the Tribe enjoys sovereign immunity from suit.

Indian tribes possess powers of self-government limited only by Congress. As the Supreme Court has summarized the law,

> Indian tribes are "distinct, independent political communities, retaining their original natural rights" in matters of local self-government. Although no longer "possessed of the full attributes of sovereignty," they remain a "separate people, with the power of regulating their internal and social relations." They have power to make their own substantive law in internal matters, and to enforce that law in their own forums.

*Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 55-56 (1978)(citations omitted). Through the Indian Civil Rights Act, 25 U.S.C. § 1301-1303, Congress imposed quasi-Constitutional requirements on

Indian tribes, including a prohibition on taking private property for public use without just compensation. 25 U.S.C. § 1302(5). But that does not mean that such rights are reviewable or enforceable in a federal court. "Creation of a federal cause of action for the enforcement of rights created in Title I, however useful it might be in securing compliance with § 1302, plainly would be at odds with the congressional goal of protecting tribal self-government. Not only would it undermine the authority of tribal forums, but it would also impose serious financial burdens on already 'financially disadvantaged' tribes." *Santa Clara Pueblo,* 436 U.S. at 64 (citation omitted). As the *Santa Clara Pueblo* court noted, "Tribal forums are available to vindicate rights created by the ICRA, and § 1302 has the substantial and intended effect of changing the law which these forums are obliged to apply. Tribal courts have repeatedly been recognized as appropriate forums for the exclusive adjudication of disputes affecting important personal and property interests of both Indians and non-Indians." *Id.* at 66.

The plaintiff has identified no provision in any statute which would confer jurisdiction on this court to resolve his claim that the Tribe wrongfully took his per capita payments.

> Kishell further contends that her claims on behalf of Tibbets' estate arise under federal law because the Tribe has allegedly violated the Indian Civil Rights Act, 25 U.S.C. § 1302(5) (1982), by taking her private property for a public use without just compensation. We disagree. . . . the Supreme Court has held that Congress has not authorized civil actions for injunctive or other relief to redress violations of the Indian Civil Rights Act.

*United States ex rel. Kishell v. Turtle Mountain Housing Authority,* 816 F.2d 1273 1275-76 (8th Cir. 1987). Nor has he cited any congressional act that would abrogate the Tribe's immunity from suit in a dispute over his per capita payments. *See Lewis v. Norton,* 424 F.3d 959, 960 (9th Cir. 2005) (noting that claim "cannot survive the double jurisdictional whammy of sovereign immunity and

2

lack of federal court jurisdiction.") Accordingly, the complaint is dismissed. The plaintiff's renewed request for appointment of counsel is denied as moot.

**SO ORDERED** this   5th   day of May, 2006.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge

3